UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| SIRJUSTIN MCCORMICK, | ) | Case Nos.: | 5:16 CV 494 |
| --- | --- | --- | --- |
| | ) | | 5:14 CR 249 |
| Petitioner | ) | | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. | |
| UNITED STATES OF AMERICA, | ) | | |
| Respondent | ) | ORDER | |

Currently pending before the court in the above-captioned case is Petitioner Sirjustin McCormick's ("Petitioner" or "McCormick") Motion to Vacate Sentence under 28 U.S.C. § 2255 ("Petition"). (ECF No. 1 in Case No. 5:16 CV 494; ECF No. 28 in Case No. 5:14 CR 249.)[1] For the following reasons, the court grants in part and denies in part McCormick's Petition.

**I. BACKGROUND**

On December 23, 2014, without a plea agreement, McCormick entered a guilty plea to an Indictment for illegal possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). (United States's Opp'n "Opp'n", ECF No. 30, at 3.) He had previously been convicted of Felonious Assault in January of 2009, in Summit County Common Pleas Court. (*Id.* at 2-3.) He was sentenced to 83 months' imprisonment and did not file a Notice of Appeal. (*Id.*)

On March 2, 2016, McCormick filed the instant Motion to Vacate, raising three grounds to challenge his sentence: (1) ineffective assistance of counsel; (2) a substantive change of law in regard to the sentencing guidelines; and (3) a due process violation caused by relying on the

---

[1] All future citations will reflect the document numbers in Case No. 5:14 CR 249.

sentencing guidelines. (Mot., ECF No. 28.) On April 19, 2016, the United States filed a Response (ECF No. 30). On May 16, 2016, after being granted an extension of time, McCormick filed a Traverse (ECF No. 33) in support of his Motion.

On March 14, 2017, McCormick filed a Motion to Amend Petition (ECF No. 34), acknowledging that the recent Supreme Court case, *Beckles v. United States*, — U.S. —, 137 S. Ct. 886 (2017), negatively impacted one of his claims, and requesting that this court delay ruling on the Petition until he could file an amendment. On April 19, 2017, the court denied McCormick's Motion to Amend without prejudice, allowing him to reassert the Motion after conferring with court-appointed counsel. On August 2, 2017, McCormick's court-appointed counsel filed a Notice to Pursue no Further Filings (ECF No. 39). Thus, the court will now address McCormick's Petition.

## II. LEGAL STANDARD

Section 2255, Title 28 of the United States Code, allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief, however, is limited, and "[o]nce [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted" and "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 164–65 (1982). Generally, to prevail on a § 2255 motion alleging a constitutional error, the petitioner must show an error of constitutional magnitude, which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *see also Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000) (confirming that *Brecht* standard applies in § 2255 actions, as well as § 2254 actions). On

collateral review, it is the movant's burden to establish his right to relief. *See McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003).

### III. LAW AND ANALYSIS

In his Petition, McCormick raises three grounds for challenging his sentence: (1) ineffective assistance of counsel; (2) a substantive change of law; and (3) a due process violation. (Mot., ECF No. 28.) Both claims two and three are premised upon the Supreme Court's finding in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), in which the Court invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), as unconstitutionally vague. McCormick argues that his sentence enhancement under the U.S. Sentencing Guidelines ("USSG") 2k2.1(a) should be similarly struck down because *Johnson* established a new substantive rule which should be applied retroactively and because the vagueness of the statute violates his constitutional right to due process. (*Id.* at 5, 7.) The court addresses these claims first.

In *Beckles v. United States*, — U.S. —, 137 S. Ct. 886 (2017), the Supreme Court concluded that the U.S. Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Id.* at 892. Specifically, the Court held that because the USSG does not fix the range of permissible sentences like the ACCA, but "merely guide[s] the exercise of a court's discretion," the USSG is not impermissibly vague. *Id.* at 892. The Court went on to explain that "[i]f a system of unfettered discretion is not unconstitutionally vague, then it is difficult to see how the present system of guided discretion could be." *Id.* at 894.

In rejecting the challenge to the USSG based on *Johnson*, the Supreme Court implicitly established that the holding of *Johnson* was not a substantive or watershed rule which must be applied retroactively to USSG sentences. Thus, McCormick's second claim must also be denied.

- 3 -

In light of *Beckles*, the court denies McCormick's second and third claims.

In regard to McCormick's first claim for ineffective assistance of counsel, the United States concedes that an evidentiary hearing is necessary to determine if McCormick's counsel ignored McCormick's request to file a direct appeal. (Opp'n, ECF No. 30, at 8.) *See Campbell v. United States*, 686 F.3d 353, 358 (6th Cir. 2012) ("[F]ailure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment . . . . without regard to the probability of success on appeal.") (quoting *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)). However, the United States contests the second element of McCormick's ineffective assistance of counsel claim, which is premised on counsel's failure to ask for a continuance of sentencing in order to establish a proper challenge to the "crime of violence" enhancement under the USSG.

The court agrees with the United States that the second element of McCormick's claim is without merit. To succeed on a claim that counsel was constitutionally ineffective, a petitioner must demonstrate both inadequate performance and prejudice resulting from that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Without addressing the level of counsel's performance, the court finds that McCormick cannot demonstrate prejudice.

In 2009, McCormick pled guilty to committing a felonious assault in violation of Ohio Revised Code § 2903.11(A)(1). (Sentencing Order, ECF No. 30-1, at 1.) The Sixth Circuit has held that a conviction under § 2903.11(A) qualifies as a violent felony under the physical force provision of the ACCA. *United States v. Anderson*, 695 F.3d 390, 402 (6th Cir. 2012). The relevant phrasing of the ACCA's physical force provision is that one who commits any crime "punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use,

or threatened use of physical force against the person of another," has committed a violent felony. 18 U.S.C. § 924(e)(2)(B). The phrasing which defines a "crime of violence" in USSG § 4B1.2(a) is virtually identical. The Sixth Circuit has held that because the language between the two texts is so similar, that they should be interpreted similarly. *United States v. Patterson*, 853 F.3d 298, 305 (6th Cir. 2017) ("We have not hesitated to use authority interpreting the elements clause in the Armed Career Criminal Act in interpreting the same phrase in the Guidelines. We see no reason . . . for treating the two provisions differently here.") (internal citation omitted). Thus, McCormick's previous conviction qualifies as a crime of violence under clear Sixth Circuit precedent, and he cannot show that he was prejudiced by his counsel's failure to challenge the definition.

## IV. CONCLUSION

For the foregoing reasons, the court hereby grants in part and denies in part Petitioner's Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 1 in case 5:16 CV 494; ECF No. 28 in case 5:14 CR 249.) The court grants McCormick an evidentiary hearing, to occur on September 25, 2017, at 10:00 a.m., in regard to whether his counsel failed to file a direct appeal in contradiction of McCormick's instructions to do so. If there are going to be any witnesses other than the Defendant and counsel, the party who wishes to call other witnesses must give notice to the court and the opposing party by September 18, 2017. The court denies the remainder of McCormick's Petition. Further, the court finds that no jurist of reason would find this court's decision to deny Petitioner's Motion to Vacate debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore,

the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT COURT

September 5, 2017